UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION
Case No._____

RENAND BIENNESTIN, and other similarly )
situated individuals, )
)
          Plaintiff(s), )
)
v. )
)
McDonald's USA, LLC, an Illinois Company )
d/b/a Heisner Enterprises Partnership, )
)
          Defendant. )
)
_____)

**COMPLAINT**
**(OPT-IN PURSUANT TO 29 U.S.C § 216(B))**

    Plaintiff RENAND BIENNESTIN ("Plaintiff") and other similarly situated individuals sue defendant McDonald's USA, LLC d/b/a Heisner Enterprises Partnership ("Defendant") and allege:

    1.    This is an action to recover money damages for unpaid minimum wages and for retaliation under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

    2.    Plaintiff is a resident of Palm Beach County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

    3.    Defendant is a for profit company doing business in Palm Beach County with offices located at 2421 Okeechobee Blvd, West Palm Beach, FL 33401, Florida. Defendant's headquarters are located at 2111 Mcdonalds Drive, Oak Brook, IL 60523-5500. At all times material hereto, Defendant was and is engaged in interstate commerce.

## COUNT I: WAGE AND HOUR FEDERAL (FLSA) STATUTORY VIOLATION

4. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 3 above as if set out in full herein.

5. This action is brought by Plaintiff, and those similarly situated, to recover from Defendant unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq.

6. Section 206(a)(1) states: "... an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce...." On July 24, 2007, Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

7. The Act provides minimum standards that may be exceeded but cannot be waived or reduced. Employers must comply, for example, with any Federal, State or municipal laws, regulations or ordinances establishing a higher minimum wage or lower maximum workweek than those established under the Act. 29 C.F.R. § 541.4.

8. In Florida, the minimum wage in 2018 was $8.25 per hour.

9. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). Defendant is and, at all times pertinent to this complaint, was engaged in interstate commerce. At all times pertinent to this complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and from outside of the United States, and also provides its services for goods sold and transported from across state lines of other states, and Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmit funds outside the State of

Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees and customers. Upon information and belief, the annual gross revenue of Defendant was at all times material hereto in excess of $500,000.00 per annum, and/or Plaintiff, and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

10. By reason of the foregoing, Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff, and those similarly situated, were engaged in interstate commerce for Defendant. Defendant's business activities involve those to which the Act applies. Defendant is a fast food restaurant and, through its business activity, affects interstate commerce. Plaintiff's work for Defendant likewise affects interstate commerce. Plaintiff was employed by Defendant as a custodian/ maintenance worker.

11. While employed by Defendant, Plaintiff routinely worked 40 hours per week. Defendant never paid any moneys to Plaintiff; instead it paid Plaintiff with a non-sufficient funds check.

12. Plaintiff worked for Defendant for approximately 4 weeks in June-July of 2018.

13. Plaintiff was employed as a custodian, performing the same or similar duties as that of those other similarly situated custodians who worked for Defendant.

14. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of his unpaid wages is as follows:

    a. **Minimum Wages**

        $8.25 x 160 hours = $1,320

      b. **Liquidated Damages**: $1,320

      c. **Grand Total**: **$2,640**

15. At all times material hereto, Defendant failed to comply with Title 29 U.S.C. §§ 201-219 in that Plaintiff, and those similarly situated, performed services for Defendant and did not get paid what they were owed, and in the case of Plaintiff, not even minimum wages.

16. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not properly paid minimum wages.

17. Defendant knew and/or showed reckless disregard for the provisions of the Act concerning the payment of minimum wages and remains owing Plaintiff, and those similarly situated, these minimum wages since the commencement of Plaintiff's and those similarly situated employees' employment with Defendant as set forth above, and Plaintiff, and those similarly situated, are entitled to recover double damages.

18. Defendant willfully and intentionally refused to pay Plaintiff minimum wages as required by the laws of the United States as set forth above and remains owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendant as set forth above.

19. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, and those similarly situated, request that this Honorable Court:

    A. Enter judgment for Plaintiff, and others similarly situated, and against Defendant on the basis of Defendant's willful violations of the Fair Labor

    Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

  B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

  C. Award Plaintiff an equal amount in double damages/liquidated damages; and

  D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

  E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

### COUNT II: FEDERAL (FLSA) STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY DISCHARGE

20. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 19 above as if set out in full herein.

21. Defendant willfully and intentionally refused to pay Plaintiff his legally owed wages as required by the laws of the United States and remains owing Plaintiff these wages as set forth above.

22. Section 206(a)(3) of the Act states that it shall be unlawful for any person "to discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or *related to this chapter*, or has testified or is about to testify in such proceeding . . . ." (emphasis added)

23. On or about July 5, 2018, Plaintiff complained to Defendant that the check that he received had no funds.

24. In response, Defendant told Plaintiff to wait until his manager came back from vacation to get the issue of non-payment sorted out.

25. Plaintiff went back to Defendant on two different occasions to find out if he was going to get paid his minimum wages, to no avail.

5

26. In the meantime, Plaintiff's bank account began accumulating bank charges for not having sufficient funds. This was Defendant's fault.

27. To date, Defendant has not paid Plaintiff what it owes him.

28. Because this multimillion-dollar Defendant would not pay Plaintiff his minimum wages for 4 compensable weeks, Plaintiff became humiliated and resigned.

29. Defendant constructively discharged Plaintiff.

30. The motivating factor, which caused Plaintiff's constructive discharge as described above, was his demand or complaint seeking the payment of unpaid minimum wages from Defendant. Alternatively, Plaintiff would not have been constructively discharged but for his complaint about not getting paid his minimum wages.

31. Defendant's constructive discharge of Plaintiff was in direct violation of 29 U.S.C. § 215(a)(3) and, as a direct result, Plaintiff has been damaged.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Enter a judgment against Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorneys' fees, costs, and;

B. Reinstatement and promotion and injunctive relief prohibiting Defendant from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages, as well as other damages recoverable by law under 29 U.S.C. § 216(b).

## JURY TRIAL DEMAND

Plaintiff and others similarly situated request a trial by jury on all issues so triable.

Dated: June 3, 2019.

                        By: ___/s/ R. Martin Saenz
                        R. Martin Saenz, Esquire
                        Fla. Bar No.: 0640166
                        Email: msaenz@saenzanderson.com

                        SAENZ & ANDERSON, PLLC
                        20900 N.E. 30th Avenue, Ste. 800
                        Aventura, Florida 33180
                        Telephone: (305) 503.5131
                        Facsimile: (888) 270.5549